**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

NOT FOR PUBLICATION

MEMORANDUM

ORIGINAL ON FILE WITH CLERK OF COURT

June 7, 2007

**Appearances:**

**Attorneys for Plaintiffs William J. Grabowski**, **an Individual, and William J. Grabowski as Shareholder Representative,**
Eric R. Breslin
Sheila Raftery Wiggins
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ 07102

**Attorneys for Defendant, Vital Signs, Inc.,**
Paul A. Sandars, III
Bernadette H. Condon
Arthur M. Owens
Lum, Danzis, Drasco & Positan, LLC
103 Eisenhower Parkway
Roseland, NJ  07068

Re:   William J. Grabowski et al. v. Vital Signs; No. 99-5683 (WHW)
      Motion to Confirm Arbitration Award/Cross-Motion to Vacate Award

Dear Litigants:

1

**NOT FOR PUBLICATION**

Plaintiffs, William J. Grabowski, an individual, and as Shareholder Representative (jointly, "plaintiffs") move to confirm the arbitration award received by the parties on August 11, 2006. Defendant, Vital Signs, Inc. ("VSI"), cross-moves to vacate same. Following oral argument on June 5, 2007, this Court expressed its determination and the reasons for that determination on the record. This opinion supplements the Court's reasoning of that date.

Defendant argued, inter alia, that the arbitration award should be vacated because the arbitrator exhibited evident partiality. Defendant's argument was based primarily on two circumstances that arose during the course of the arbitration: (1) plaintiffs' original expert joined the accounting firm with which the arbitrator was associated; and (2) the arbitrator was retained as an expert by a party allegedly adverse to defendant's counsel in another pending litigation.

The Court notes three things: (1) that both circumstances were made known to the parties during the arbitration; (2) that after plaintiffs' original expert joined the arbitrator's accounting firm, plaintiffs retained a new expert; and (3) that after the other litigation involving the arbitrator and defendant's counsel settled, defendant indicated in writing that no conflict existed for the arbitrator to continue serving in the arbitration at hand. As the Court expressed on the record, it does not find that these two circumstances, along with the other facts defendant identified, rise to the level of evident partiality.

The Court also noted on the record that, with respect to the situation involving plaintiffs' expert, it did not appear that defendant objected to the arbitrator continuing in his role after plaintiff substituted a new expert. As noted, if defendant did not lodge a timely objection, the Court is inclined to find that defendant waived the opportunity to now argue that the arbitrator was conflicted on account of the circumstances surrounding plaintiffs' expert. However, during

**NOT FOR PUBLICATION**

argument, defendant's counsel indicated that he did raise a timely objection to the continued service of the arbitrator after plaintiffs substituted a new expert.

To the extent that defendant's counsel lodged a timely objection, the Court would not be inclined to find that such objection was waived. However, even if defendant did not waive his right to raise this potential conflict, the Court will not vacate the award. The Court does not find that the combination of these circumstances, along with other aspects of the arbitration award identified by defendant, indicate that the arbitrator exhibited evident partiality.

For the reasons given on the record on June 5, 2007 and those contained here, plaintiffs' motion to confirm the arbitration award is granted and defendant's motion to vacate the award is denied.

                                                **s/ William H. Walls**
                                                William H. Walls, U.S.S.J.